UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CIVIL ACTION No. 4:07-CV-03804-RBH

| | |
|---|---|
| SARAH HOLLADAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFENDANT'S MEMORANDUM IN** |
| ) | **SUPPORT OF SUMMARY JUDGMENT** |
| BURCH, OXNER, SEALE CO., ) | |
| CPA'S, PA, ) | |
| ) | |
| Defendants. ) | |

**TO:   LOVIC A. BROOKS, III, ESQUIRE, ATTORNEY FOR PLAINTIFF**

### I.     BACKGROUND

This case involves a former certified public accountant's ("CPA") unsupported claim seeking overtime wages against her former employer, despite her own binding admissions proving that she always was an exempt employee and thus not entitled to receive overtime under the Fair Labor Standards Act ("FLSA"). For the reasons that Defendant Burch, Oxner, Seale Co., CPA's, PA ("Burch Oxner," "Firm," or "Defendant") presents herein, the Court should grant summary judgment for Defendant and dismiss this case with prejudice, pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

---

[1] After the Firm timely answered the Complaint, the parties fully completed discovery, exchanged numerous documents, and deposed Plaintiff and Roy Burch, who is a CPA and shareholder with Burch Oxner. (Burch Tr. 4-5)

## II.     NATURE OF THE CASE

Burch Oxner is a full-service accounting and consulting firm that has served the Pee Dee region of South Carolina since 1963 and currently employs approximately twenty (20) employees. (Burch Tr. 5)  Plaintiff graduated in 2001 with an accounting and MIS degree from Francis Marion University, and she subsequently earned her CPA license. (Plaintiff Tr. 9-10) (Burch Tr. 8)

Burch Oxner hired Plaintiff as a staff accountant in 2002 and employed her in that capacity until 2007, when the Firm terminated her employment.[2]  (Plaintiff Tr. 14)  As a staff accountant, approximately ninety-five percent (95%) of Plaintiff's job duties consisted of performing tax returns, audits, and cost reports for clients. (Plaintiff Tr. 16-17)

At all times throughout their employment relationship, Burch Oxner employed Plaintiff pursuant to a written contract that the parties amended each subsequent year to reflect changes in Plaintiff's salary.[3]  (Exhibit 1) (Burch Tr. 10, 11)  The contract specifically indicated that , "Employee shall be treated as and considered an exempt employee under the Federal Fair Labor Standards Act." (Exhibit 1)

Likewise, the Firm annually gave Plaintiff a worksheet detailing the compensation and employee benefits that it would pay her during the upcoming year. (Plaintiff Tr. 29-30) (Exhibit 2)  The contract and annual worksheet both indicated that Burch Oxner paid Plaintiff a guaranteed, pre-determined salary not subject to variation, regardless of the number of hours that she actually worked.

---

[2] Plaintiff's termination is not at issue in this lawsuit, as she did not allege any type of wrongful discharge. The Firm merely decided that she "had reached her potential." (Burch Tr. 6)

[3] As a result of marriage, Plaintiff changed her name from Winningham to Holladay in January 2007. (Plaintiff Tr. 8)

Throughout Plaintiff's employment, Burch Oxner always paid her an annual salary, in equal bi-monthly amounts that did not vary, regardless of the number of hours that Plaintiff actually worked.[4] (Exhibit 2) In addition, Burch Oxner annually gave Plaintiff an opportunity to earn bonus or incentive pay, which Exhibit 2 denoted as "Estimated Compensation in addition to salary." (Plaintiff Tr. 22) (Burch Tr. 24, 25) (Exhibit 2) Plaintiff never complained about and/or expressed any dissatisfaction with this pay arrangement at any time during her employment with the Firm. (Plaintiff Tr. 24)

After Burch Oxner terminated Plaintiff's employment, she sued the Firm, alleging that its pay practices violated the FLSA by "its failure to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week for the last three years." (Complaint, ¶ 22) Plaintiff claimed that the Firm essentially had "misclassified" Plaintiff as an exempt employee and that her salary "had no reasonable relationship to her expected or actual earnings." (Complaint, ¶¶ 19, 21)

Although Plaintiff sued Burch Oxner and claimed that it destroyed her overtime exemption under the FLSA, she admitted, during her deposition, that the Firm always paid her on a salaried basis, never varied her salary regardless of the actual hours that she worked, and never paid her less than her estimated annual salary. (Plaintiff Tr. 33, 40-42, 52, 57) (Burch Tr. 26, 32) Burch Oxner's Payroll Journal corroborated Plaintiff's admission, indicating that the Firm *always* paid her a set salary each pay period, regardless of the number of hours that she actually worked. (Exhibit 3)

---

[4] During the relevant time periods, Plaintiff's weekly salary always exceeded more than $455.00. (Plaintiff Tr. 36) (Exhibit 3)

Despite Plaintiff's own admission and the irrefutable Payroll Journal, she attempted to claim, without any supporting documentation or other evidence, that she was an hourly paid, non-exempt employee. (Plaintiff Tr. 34, 40) However, when defense counsel questioned Plaintiff regarding the Payroll Journal, which showed that her salary never varied, Plaintiff proffered no evidence supporting her theory and merely labeled her salary figure as a "flood number," testifying that, "They set it up to make it look like I was salaried." (Plaintiff Tr. 41, 42, 48)

During Mr. Burch's deposition, he explained that the Firm guaranteed the salary portion of Plaintiff's compensation and that Burch Oxner based the bonus/incentive pay on "a combination of hours worked, billing efficiency, . . . [the] particular person's level of experience, expertise, responsibilities they have, various factors." (Burch Tr. 20, 21, 23) More specifically, Mr. Burch testified that, each pay period, the Firm paid Plaintiff "$1/24^{th}$ of the annual amount, plus an incentive performance bonus based on [the] hours" that she worked during that time period. (Burch Tr. 27) Accordingly, as with many law firms and accounting firms that bill clients with hourly rates, Burch Oxner essentially rewarded Plaintiff with bonus/incentive pay if she worked long hours and performed satisfactorily—a reward that was in addition to her regular pre-determined salary and that no federal or state law required.

Plaintiff corroborated Mr. Burch's explanation, as she testified:

Q.   Would you agree that based on this payroll journal that your salaried wages remained constant but the 'other earnings' category fluctuated depending on the number of hours you worked?

A.   Yes.

Q.   So the more hours that you worked, the greater the amount of the 'other earnings' category?

      A.    Yes.

(Plaintiff Tr. 43-44)

### III. ARGUMENT

#### Standard For Summary Judgment

Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). To avoid summary judgment, a plaintiff "must produce sufficient evidence to reasonably support a jury verdict in its favor." *Grooms v. Mobay Chem. Corp.*, 861 F. Supp. 497, 501 (D.S.C. 1991) (emphasis added), aff'd 993 F.2d 1537 (4th Cir. 1993); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (noting that a plaintiff may avoid summary judgment only "if the evidence is such that a reasonable jury could return a verdict for the [plaintiff]"). Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to avoid dismissal of a claim. *Anderson*, 477 U.S. at 252.

**Burch Oxner Did Not Violate the FLSA**

Throughout Plaintiff's employment relationship with Burch Oxner, the Firm correctly classified her as an exempt employee under the FLSA, and the Firm never altered and/or destroyed that exemption—thereby fully complying with the FLSA and the Regulation applicable in this case, 29 C.F.R. Part 541.604(a). Accordingly, Burch Oxner is entitled to summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The FLSA requires employers to pay overtime compensation to employees who work more than forty (40) hours per regular workweek. *See* 29 U.S.C.A. § 207 (1995). Courts may require employers who violate the FLSA to pay uncompensated overtime, along with possible civil penalties and perhaps liquidated damages. *See* 29 U.S.C.A. § 216 (1995).

However, the FLSA exempts from its overtime requirements any salaried employee "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C.A. § 213(a)(1). The Secretary of Labor's Regulations define an executive, administrative, or professional employee as someone who performs certain duties and is paid on a salaried basis at a rate of not less than $455.00 per week or $26,660 per year. *See* 29 C.F.R. Part 541.600 (2006).

The Regulations define an "employee employed in a bona fide professional capacity" as one "whose primary duty is the performance of work: (i) requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or (ii) requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor." 29 C.F.R. Part 541.300(a)(2).

The Regulations specifically note that CPA's, such as Plaintiff, "generally meet the duties requirements for the learned professional exemption." 29 C.F.R. Part 541.301(e)(5).

At all relevant times, Burch Oxner paid Plaintiff a set, pre-determined salary exceeding $455.00 per week, regardless of the number of hours that she actually worked. In addition, as Plaintiff admitted, approximately ninety-five percent (95%) of her job duties consisted of typical CPA-related tasks, such as performing tax returns, audits, and cost reports for clients. Thus, based on Plaintiff's salary and actual job duties, Burch Oxner correctly classified Plaintiff as an exempt employee, pursuant to the FLSA's professional exemption, thereby making her ineligible to receive overtime compensation.

In addition, Burch Oxner never destroyed and/or otherwise altered Plaintiff's status as an exempt employee. Contrary to Plaintiff's misplaced position, the FLSA's Regulations explicitly permit employers to provide bonuses or incentive pay to exempt employees, just as Burch Oxner did, without destroying the exemption. The pertinent Regulation provides:

> An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. Thus, for example, an exempt employee guaranteed at least $455 each week paid on a salary basis may also receive additional compensation of a one percent commission on sales. An exempt employee also may receive a percentage of the sales or profits of the employer if the employment arrangement also includes a guarantee of at least $455 each week paid on a salary basis. Similarly, ***the exemption is not lost if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek.*** Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off.

29 C.F.R. Part 541.604(a) (emphasis added); *see West v. Anne Arundel County, Md.*, 137 F.3d 752, 762 (4th Cir. 1998) (noting that, "Additional compensation does not alter the status of salaried employees . . . so the receipt of overtime does not defeat the salary basis of plaintiffs'

employment.") (citations omitted); *Goff v. Bayada Nurses, Inc.*, 424 F. Supp. 2d 816, 820-821 (E.D. Pa. 2006) (noting that, "An employee is not disqualified from [an] exemption even if her employer provides her with additional compensation, and the additional compensation need not be calculated as overtime pay.") (citing 29 C.F.R. Part 541.604); *see also* WH Opinion Letter FLSA 2006-43, 2006 WL 3832994 (Nov. 27, 2006) (noting that, "You indicate that at no point in the registered representative's employment is he or she asked to repay the guaranteed minimum salary/draw payments if he or she does not earn enough credits in excess commissions or fees about the minimum salary/draw amounts. . . . [B]ecause the employment arrangement includes a guarantee of at least the required amount paid on a salary basis, the registered representative's compensation structure, as described, meets the salary basis requirements for exemptions.") (citing 29 C.F.R. Part 541.604(a));  WH Opinion Letter, 1999 WL 1002381 (Apr. 1, 1999) (noting that, "Where an employee is paid on a salary basis . . . it continues to be our opinion that extra compensation by the hour for hours worked in excess of 40 in a workweek, paid in addition to an exempt employee's guaranteed salary, would not defeat the exempt status of an otherwise exempt employee.").

Plaintiff erroneously relied on an inapplicable Regulation and contended that "no reasonable relationship" existed between her salary and the amount of compensation that she actually earned.  *See* 29 C.F.R. Part 541.604(b) (requiring a reasonable relationship between the guaranteed amount and the amount actually earned where, unlike here, the employer computed the salaried amount on an hourly, a daily or a shift basis);  *see also Hood v. Mercy Healthcare Ariz.*, 23 F. Supp. 2d 1125, 1130 (D. Ariz. 1997) (holding that, "The Court rejects the reasonable relationship test and finds that the determinant inquiry is whether the hospital's policy comports with the 'salary-basis' test . . .") (citation omitted).

Contrary to Plaintiff's contention, Part 541.604(b) only applies where, unlike here, an employer computes an exempt employee's salaried earnings on an hourly, daily, or shift basis—which would require that those earnings have a "reasonable relationship" to the amount of compensation that the employee actually earned. *See* 29 C.F.R. Part 541, 69 FR 22122-01, at * 22183, 2004 WL 865626 (Apr. 23, 2004) (noting that, "The National Technical Services Association states that it was unclear whether the reasonable relationship requirement applies in all cases to employees who receive a salary and additional compensation. We have clarified that this requirement applies only when an employee's actual pay is computed on an hourly, daily or shift basis. Thus, for example, if an employee receives a guaranteed salary plus a commission on each sale or a percentage of the employer's profits, the reasonable relationship requirement does not apply. Such an employee's pay will understandably vary widely from one week to the next, and the employee's actual compensation is not computed based upon the employee's hours, days or shifts of work.").

Unlike the situation that Section 541.604(b) contemplated, Burch Oxner always paid Plaintiff a set, pre-determined salary that did not vary, regardless of the number of hours, days, or shifts that she actually worked--thereby making Section 541.604(b) inapplicable in this case.

In addition to Plaintiff's set, pre-determined salary, Burch Oxner paid her a bonus/incentive that rewarded her for, among other things, working or billing hours in excess of a standard workweek. No law, including the FLSA, required Burch Oxner to pay Plaintiff, who always worked as a correctly classified exempt employee, ***anything*** in addition to her set, pre-determined salary, and the Firm did not alter or destroy the exemption by paying Plaintiff a bonus or incentive that was based, at least in part, on the number of hours that she worked. In fact, Section 541.604(a) explicitly permitted and sanctioned Burch Oxner's generous method of

compensating Plaintiff, which was consistent with the bonus/incentive programs typically used by law firms, accounting firms, and other employers who charge clients hourly rates.

Plaintiff's claim is inconsistent with the FLSA and its applicable Regulations, which Burch Oxner never violated. Accordingly, the Court should grant summary judgment for Burch Oxner and dismiss this case with prejudice, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## Conclusion

Burch Oxner employed Plaintiff exclusively in an exempt position, in which she was not eligible to receive overtime compensation under the FLSA, and the Firm never altered or destroyed the exemption. Accordingly, the Court should grant summary judgment for Burch Oxner and dismiss this case with prejudice, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED,**

s/Reginald W. Belcher
Arthur E. Justice, Jr. (Fed. ID #2261)
ajustice@turnerpadget.com
Reginald W. Belcher (Fed. ID #6940)
rbelcher@turnerpadget.com
Post Office Box 5478
Florence, South Carolina  29502
(843) 656-4412 direct dial
ATTORNEYS FOR DEFENDANT

October 22, 2008