**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

**CIVIL ACTION NUMBER:  4:07-CV-03804-RBH**

SARAH HOLLADAY,          )
                                )
          Plaintiff,      )
                                )
          vs.             )        **DEFENDANT'S RESPONSE TO**
                                )   **PLAINTIFF'S MOTION FOR SUMMARY**
BURCH, OXNER, SEALE CO.,   )              **JUDGMENT**
CPA'S, PA,                   )
                                )
                 Defendants.   )

**TO:  LOVIC A. BROOKS, III, ESQUIRE, ATTORNEY FOR PLAINTIFF**

## I.      BACKGROUND/NATURE OF THE CASE

This case involves a former certified public accountant's ("CPA") unsupported claim seeking overtime wages against her former employer, despite her own binding admissions proving that she always was an exempt employee and thus not entitled to receive overtime under the Fair Labor Standards Act ("FLSA").

The undisputed evidence showed that Defendant Burch, Oxner, Seale Co., CPA, PA ("Burch Oxner," "Firm," or "Defendant") correctly classified Plaintiff as an exempt employee under the FLSA and that the Firm never destroyed or altered that exemption.  Plaintiff conceded that her job duties allowed Burch Oxner to treat her as exempt, pursuant to the FLSA's professional exemption.  However, Plaintiff contended that Burch Oxner altered the exemption by giving her bonus/incentive pay to reward her for working excessive or extra hours.

For the reasons that Burch Oxner presents herein (and previously presented in Defendant's Memorandum in Support of Summary Judgment), the Court should deny Plaintiff's

Motion for Summary Judgment, grant summary judgment for Burch Oxner, and dismiss this case with prejudice, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## II.    ARGUMENT

### Burch Oxner Did Not Violate the FLSA

Throughout Plaintiff's employment relationship with Burch Oxner, the Firm correctly classified her as an exempt employee under the FLSA, and the Firm never altered and/or destroyed that exemption—thereby fully complying with the FLSA and the Regulation applicable in this case, 29 C.F.R. Part 541.604(a).  Accordingly, Burch Oxner is entitled to summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Contrary to Plaintiff's position, Burch Oxner always paid Plaintiff a pre-determined salary that never varied (and was not subject to variation), as her base pay.

An employer lawfully pays an employee on a salaried basis "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of work performed."  29 C.F.R. Part 541.602(a) (2006).

Burch Oxner always paid Plaintiff a guaranteed, pre-determined salary that never varied, regardless of the number of hours that she actually worked, and the Firm communicated this arrangement to Plaintiff via her employment contract and the Firm's annual compensation worksheet.  (Exhibits 1 and 2)

The undisputed evidence indicated that, contrary to Plaintiff's contention, Burch Oxner did not determine Plaintiff's base pay on an hourly basis.  For example, the Firm's Payroll Journals indicated that Plaintiff received the same salary during each pay period, regardless of

the number of hours that she actually worked, and that the amount was not subject to reductions if she worked less than a particular number of hours, such as if she missed work because of vacation, sickness, or another reason.  (Exhibit 3)  Mr. Burch corroborated that the Firm did not calculate Plaintiff's salary on the number of hours that she worked but instead paid her "1/24[th] of the annual amount" during each pay period.  (Burch Tr. 27)  Moreover, Plaintiff agreed that her salary remained "constant" during each pay period and that only her bonus/incentive pay varied. (Plaintiff Tr. 43-44)

Consequently, as with many law firms and accounting firms that bill clients based on an hourly rate, Burch Oxner lawfully rewarded Plaintiff with bonus/incentive pay if she worked long hours and performed satisfactorily—a reward that was in addition to her guaranteed salary and that no federal or state law required.

In addition, the FLSA specifically permits employers to compensate exempt employees in this manner without destroying their overtime exemption.  The pertinent Regulation provides:

> An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. Thus, for example, an exempt employee guaranteed at least $455 each week paid on a salary basis may also receive additional compensation of a one percent commission on sales. An exempt employee also may receive a percentage of the sales or profits of the employer if the employment arrangement also includes a guarantee of at least $455 each week paid on a salary basis. Similarly, ***the exemption is not lost if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek.***  Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off.

29 C.F.R. Part 541.604(a) (emphasis added); *see West v. Anne Arundel County, Md.*, 137 F.3d 752, 762 (4th Cir. 1998) (noting that, "Additional compensation does not alter the status of salaried employees . . . so the receipt of overtime does not defeat the salary basis of plaintiffs' employment.") (citations omitted); *Goff v. Bayada Nurses, Inc.*, 424 F. Supp. 2d 816, 820-821 (E.D. Pa. 2006) (noting that, "An employee is not disqualified from [an] exemption even if her employer provides her with additional compensation, and the additional compensation need not be calculated as overtime pay.") (citing 29 C.F.R. Part 541.604); *see also* WH Opinion Letter FLSA 2006-43, 2006 WL 3832994 (Nov. 27, 2006) (noting that, "You indicate that at no point in the registered representative's employment is he or she asked to repay the guaranteed minimum salary/draw payments if he or she does not earn enough credits in excess commissions or fees about the minimum salary/draw amounts. . . . [B]ecause the employment arrangement includes a guarantee of at least the required amount paid on a salary basis, the registered representative's compensation structure, as described, meets the salary basis requirements for exemptions.") (citing 29 C.F.R. Part 541.604(a));   WH Opinion Letter, 1999 WL 1002381 (Apr. 1, 1999) (noting that, "Where an employee is paid on a salary basis . . . it continues to be our opinion that extra compensation by the hour for hours worked in excess of 40 in a workweek, paid in addition to an exempt employee's guaranteed salary, would not defeat the exempt status of an otherwise exempt employee.").

Plaintiff erroneously relied on an inapplicable Regulation and contended that "no reasonable relationship" existed between her salary and the amount of compensation that she actually earned.  *See* 29 C.F.R. Part 541.604(b) (requiring a reasonable relationship between the guaranteed amount and the amount actually earned where, unlike here, the employer computed the salaried amount on an hourly, a daily or a shift basis); *see also Hood v. Mercy Healthcare*

*Ariz.*, 23 F. Supp. 2d 1125, 1130 (D. Ariz. 1997) (holding that, "The Court rejects the reasonable relationship test and finds that the determinant inquiry is whether the hospital's policy comports with the 'salary-basis' test . . .") (citation omitted).

Contrary to Plaintiff's contention, Part 541.604(b) only applies where, unlike here, an employer computes an exempt employee's base pay on an hourly, daily, or shift basis—which would require that those earnings have a "reasonable relationship" to the amount of compensation that the employee actually earned. *See* 29 C.F.R. Part 541, 69 FR 22122-01, at * 22183, 2004 WL 865626 (Apr. 23, 2004) (noting that, "The National Technical Services Association states that it was unclear whether the reasonable relationship requirement applies in all cases to employees who receive a salary and additional compensation. We have clarified that this requirement applies only when an employee's actual pay is computed on an hourly, daily or shift basis. Thus, for example, if an employee receives a guaranteed salary plus a commission on each sale or a percentage of the employer's profits, the reasonable relationship requirement does not apply. Such an employee's pay will understandably vary widely from one week to the next, and the employee's actual compensation is not computed based upon the employee's hours, days or shifts of work.").

Unlike the situation that Section 541.604(b) contemplated, Burch Oxner always paid Plaintiff a guaranteed salary that did not vary, regardless of the number of hours, days, or shifts that she actually worked--thereby making Section 541.604(b) inapplicable in this case.

In addition, even if Section 541.604(b) applies (which Defendant denies), a reasonable relationship existed between Plaintiff's salary and the bonus/incentive pay, according to Plaintiff's own allegations—under which Burch Oxner purportedly used the same hourly rate for determining the bonus/incentive pay as the Firm supposedly used in calculating Plaintiff's

guaranteed salary. Thus, even if Section 504.604(b) applies, a reasonable relationship existed between Plaintiff's guaranteed salary and her bonus/incentive pay, thereby defeating her FLSA claim. *See* 29 C.F.R. Part 541, 69 FR 22122-01, at * 22184, 2004 WL 865626 (Apr. 23, 2004) (noting that the Department of Labor "has never suggested a particular percentage requirement" in determining whether a reasonable relationship exists between a guaranteed minimum salary and additional pay and that the reasonable relationship test merely ensures that a minimum salary guarantee is "more than an illusion").

Burch Oxner's bonus/incentive pay merely rewarded Plaintiff for, among other things, working or billing hours in excess of a standard workweek. No law, including the FLSA, required Burch Oxner to pay Plaintiff, who always worked as a correctly classified exempt employee, ***anything*** in addition to her guaranteed salary, and the Firm did not alter or destroy the exemption by paying Plaintiff a bonus or incentive that was based, at least in part, on the number of hours that she worked. In fact, Section 541.604(a) explicitly permitted and sanctioned Burch Oxner's generous method of compensating Plaintiff, which was consistent with the bonus/incentive programs typically used by law firms, accounting firms, and other employers who charge clients hourly rates.

Plaintiff's claim is inconsistent with the FLSA and its applicable Regulations, which Burch Oxner never violated, and the Firm owes Plaintiff nothing. Accordingly, the Court should deny Plaintiff's Motion for Summary Judgment, grant summary judgment for Burch Oxner, and dismiss this case with prejudice, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## Burch Oxner's Other Pay Practices Did Not Violate the FLSA

Burch Oxner's pay practices did not violate the FLSA or otherwise destroy Plaintiff's exemption. Plaintiff claimed that Burch Oxner destroyed her overtime exemption based on Mr.

Burch's deposition testimony, in which he responded to a hypothetical question by noting that the Firm would not have paid Plaintiff if she failed to work any hours in a particular week—even though no evidence showed or even suggested that Burch Oxner ever docked Plaintiff's guaranteed salary.  (Plaintiff's Memorandum in Support of Summary Judgment, p. 7)

Contrary to Plaintiff's contention, Mr. Burch's response to the hypothetical question was unremarkable, as he did not admit or infer that Burch Oxner ever violated the FLSA or destroyed Plaintiff's exemption.  In fact, the FLSA allows employers to dock an exempt employee's salary, without destroying the exemption, in a variety of circumstances, including the hypothetical situation that Plaintiff's Counsel posed to Mr. Burch.  *See* 29 C.F.R. S 541.602 (b)(1-7) (allowing employers to dock an exempt employee's salary for, among other reasons, absences of one or more full days for personal reasons, absences related to disciplinary suspensions, or absences covered by the Family and Medical Leave Act).

Burch Oxner did not violate the FLSA and never destroyed Plaintiff's overtime exemption.  Thus, the Court should deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss this case with prejudice.

## <u>Conclusion</u>

Burch Oxner employed Plaintiff exclusively in an exempt position, in which she was not eligible to receive overtime compensation under the FLSA, and the Firm never altered or destroyed the overtime exemption. Accordingly, the Court should deny Plaintiff's Motion for Summary Judgment, grant summary judgment for Burch Oxner, and dismiss this case with prejudice, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED,**

s/Reginald W. Belcher
Arthur E. Justice, Jr. (Fed. ID #2261)
ajustice@turnerpadget.com
Reginald W. Belcher (Fed. ID #6940)
rbelcher@turnerpadget.com
Post Office Box 5478
Florence, South Carolina  29502
(843) 656-4412 direct dial
**ATTORNEYS FOR DEFENDANT**

November 10, 2008