UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CIVIL ACTION No.  4:07-CV-03804-RBH

| | |
|---|---|
| SARAH HOLLADAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DEFENDANT'S MOTION IN LIMINE |
| ) | |
| BURCH, OXNER, SEALE CO., ) | |
| CPA'S, PA, ) | |
| ) | |
| Defendant. ) | |

Defendant Burch, Oxner, Seale Co., CPA's, PA ("Defendant," "Burch Oxner," or "Firm"), by and through its undersigned counsel, hereby moves for an Order of the Court excluding from the trial of this case any evidence, statements, testimony, reference to, and/or argument by Plaintiff, her counsel, or any witnesses that Burch Oxner required, expected, and/or desired Plaintiff to work any particular number of hours, whether daily, weekly, or annually.

At all times throughout their employment relationship, Burch Oxner employed Plaintiff pursuant to a written contract that the parties amended each subsequent year to reflect changes in her salary.  (Docket Entry # 29, Attach. # 2)  The contract expressly stated that, "Employee recognizes and agrees that the annual salary is for all hours worked, including any amounts worked over forty hours per week.  Employee and Employer agree that Employee shall be treated as and considered an exempt employee under the Federal Fair Labor Standards Act." (Docket Entry # 29, Attach. # 2, ¶ 3)

Likewise, the Firm annually gave Plaintiff a worksheet detailing the compensation and employee benefits that it would pay her during the upcoming year.  (Docket Entry # 29, Attach. 3)  The contract and annual worksheet both indicated that Burch Oxner paid Plaintiff a

guaranteed, pre-determined salary not subject to variation, regardless of the number of hours that she actually worked.

Plaintiff's contract expressly referenced and incorporated the worksheet, and neither the contract nor the worksheet required Plaintiff to work any particular number of hours, whether daily, weekly, or annually. (Docket Entry # 29, Attach. # 2, ¶ 3) The contract also contained an integration and/or zipper clause stating that, "This Agreement sets forth all of the agreements between the parties hereto concerning the employment of the Employee by the Employer. This Agreement cannot be changed or modified except by another agreement in writing signed by both parties hereto." (Docket Entry # 29, Attach. # 2, ¶¶ 19, 20)

Despite the contract's plain language, Plaintiff alleged that Burch Oxner paid her on an hourly basis because one of the Firm's shareholders told her that the Firm expected her to work 2,300 hours per year—even though the contract never required her to work any specific number of hours, whether daily, weekly, or annually. Moreover, Plaintiff failed to present any evidence showing, or even inferring, that she and Burch Oxner changed or modified the contract in a "writing signed by both parties," as the contract specifically would have required.

Because Plaintiff's contract contained an integration and/or zipper clause, she cannot, as a matter of law, attempt to alter the contract's unambiguous language, which guaranteed payment on a salary basis, by claiming that the Firm paid her on an hourly basis because one of the Firm's shareholders allegedly required her to work 2,300 hours per year. *See Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth*, 421 F. Supp 2d 908, 911 (D.S.C. 2006) (holding that the parol evidence rule excludes evidence that would give a clear agreement a different meaning or effect than that indicated by the plain language of the agreement and further noting that the parol evidence rule is particularly applicable where, as here, the contract in

question contains an integration or zipper clause) (citations omitted); *see also Wilson v. Landstrom*, 281 S.C. 260, 315 S.E.2d 130 (Ct. App. 1984) (noting that a merger clause expresses the parties' intention that the writing be treated as a complete integration of their agreement and that parol evidence cannot vary or contradict such a written agreement).

For the foregoing reasons, Defendant respectfully requests that the Court exclude from the trial of this case any evidence stating, showing, and/or inferring that Burch Oxner required, expected, and/or desired Plaintiff to work any particular number of hours, whether daily, weekly, or annually.

Pursuant to Local Rule 7.02 of the Federal Rules of Civil Procedure, Defendant had no duty to consult with Plaintiff prior to filing this Motion. In addition, pursuant to Local Civil Rule 7.04, Burch Oxner will not submit a separate supporting memorandum (except upon the Court's request), as this Motion fully incorporates Defendant's position on these issues.

**RESPECTFULLY SUBMITTED,**

Turner Padget Graham & Laney P.A.

s/Reginald W. Belcher
Arthur E. Justice, Jr. (Fed. ID #2261)
ajustice@turnerpadget.com
Reginald W. Belcher (Fed. ID #6940)
rbelcher@turnerpadget.com
Post Office Box 5478
Florence, South Carolina  29502
(843) 656-4412 direct dial (AEJjr.)
ATTORNEYS FOR DEFENDANT

February 16, 2009