IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sarah Holladay, | ) Civil Action #4:07-cv-03804-RBH |
| | ) |
| Plaintiff; | ) |
| | ) |
| vs. | ) |
| | )     **O R D E R** |
| Burch, Oxner, Seale Co., CPA's, PA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

        This action arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* The

matter is before the Court on the parties' cross motions for summary judgment and on the

defendant's motion in limine.[1]  The crux of the issues before the Court is whether the plaintiff was

exempt from the overtime requirements of the FLSA as a matter of law.

        Defendant accounting firm hired the plaintiff as a staff accountant in 2002 and terminated

her employment in 2007.[2] The parties entered into an employment contract on May 31, 2002

(Exhibit 1 to Defendant's motion, Docket Entry #29-3).  The contract provided, *inter alia*, that

Plaintiff would receive an annual salary of $15,900, payable semi-monthly. It further provides:

>        Employee recognizes and agrees that the annual salary is for all hours worked,
> including any amounts worked over forty hours per week.  Employee and Employer
> agree that Employee shall be treated as and considered an exempt employee under
> the Federal Fair Labor Standards Act, but that if a judicial or administrative agency

---

        [1] In its motion in limine, the defendant seeks to exclude evidence that it "required, expected,
and/or desired Plaintiff to work any particular number of hours, whether daily, weekly, or annually"
based upon the "zipper clause" in the contract and the parol evidence rule.

        [2] This lawsuit does not challenge the plaintiff's termination from employment but only alleges
that the employer violated the FLSA.

1

shall determine otherwise, Employee is only entitled to that additional one-half time for overtime hours above and beyond Employee's annual salary. (¶3 of Contract)

The contract also provides for discretionary bonuses "based upon above average or outstanding performance in a prior period." (¶ 5). A Schedule of Compensation was attached to the contract listing annual salary amounts for 2003-2007, which was signed by the plaintiff and defendant. Those salary amounts were $17,220 for 2003, $26,460 for 2004, $28,560 for 2005, $30,660 for 2006, and $33,180 for 2007. Each year, employees were also given a form listing the dollar amounts of their "Estimated Annual Compensation Package." (Defendant's Exhibit 2). For example, the package effective June 1, 2006 listed an "Approved Semi-Monthly Salary" of $1277.50 and "Estimated Annual Salary" of $30,660. It also listed "Estimated Compensation in Addition to Salary" of $11,315 for a subtotal of $41,975. Defendant has also produced a Payroll Journal. For January 12, 2007 (which was during the June 2006 payroll year), the journal lists "Salaried Wages" of $1277.50 and "Other Earnings" of $146.00. For January 31, 2007, it lists "Salaried Wages" of $1277.50 and "Other Earnings" of $392.38. The category of "other earnings" fluctuated, while the "salaried wages" remained constant during the payroll year.

The company required employees to keep track of their billable and non-billable time each day in a computer program. The plaintiff attaches the January 1-15, 2007 Daily Time Report to her motion for summary judgment. (Docket Entry #30-3). It shows that she worked on the New Year's Day holiday for eight (8) hours and for eight (8) hours on January 2,3,5,8, and 9. It further shows that she worked 7.75 hours on January 4, 2007; 8.75 hours on January 10, 2007; 8.50 hours on January 11, 2007; 8.5 hours on January 12, 2007; and 10 hours on January 15, 2007 for a total of 91.5 hours.

2

Defendant presented the deposition testimony of Roy F. Burch, Jr., a partner in the firm. He testified that the firm guaranteed the plaintiff the salary portion of her compensation and that the company based bonus pay on "a combination of hours worked, billing efficiency,. . . [the] particular person's level of experience, expertise, responsibilities they have, various factors." (Burch Depo., pp. 20-23). Burch does not indicate now many hours the plaintiff was expected to work per week, although he does state that the firm uses 2300 hours per year as an average number of hours that employees such as the plaintiff would work. (Burch Depo., p. 26). Plaintiff testified in her deposition that her "salaried wages" remained constant, but that the "other earnings" fluctuated depending on the number of hours worked. (Plaintiff's Depo., p. 43-44). Plaintiff further testified that there was no set number of hours that she was expected to work in a given week. (Plaintiff's Depo., p. 31). However, she states that the amount she was paid was based on an hourly rate computed by dividing the total estimated compensation by 2300, the expected hours worked per year.  She takes the position in her brief that the firm's pay scheme was based on an expectation that she would work 44.23 hours per week (based on 2300 hours divided by 52 weeks) and that her guaranteed wages compute to 32.31 hours per week (for 2006).[3]

## Legal Standard for Summary Judgment Motions

Under Rule 56, FRCP, the moving party bears the burden of showing that summary judgment is proper.  Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rules 56(c), FRCP;  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to

---

[3] *See* Plaintiff's Memorandum in Support of Motion for Summary Judgment, Docket Entry #30-2, p. 6.

3

establish an essential element of any cause of action upon which the non-moving party has the

burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether

there is a genuine issue for trial on a material element of the non-moving party's claims, the non-

moving party bears the burden of coming forward with specific facts which show a genuine issue

for trial. Fed. R. Civ. P. 56(e); *Matsushita Electrical Industrial Co., Ltd.v. Zenith Radio Corp.*, 475

U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere

scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in

the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir.

1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or

conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977

F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary

standard of proof that would apply at trial on the merits." *Mitchell v. Data General Corp.*, 12 F.3d

1310, 1316 (4th Cir. 1993). In the case at bar, both parties have moved for summary judgment,

asserting that the facts are undisputed as they pertain to the applicability of the FLSA regulation

regarding "Minimum Guarantee Plus Extras" set forth in 29 C.F.R. § 541.604(a) and (b).

Interestingly, neither party has alternatively argued against the other party's motion that a question

of fact exists. Rather, both parties simply argue that they are entitled to summary judgment.

## **Analysis**

"The purpose of the FLSA is 'to protect all covered workers from substandard wages and

oppressive working hours." *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d

299, 304 (4th Cir. 2004), *citing Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739

(1981).  The Act establishes generally that employees must receive overtime compensation for hours worked in excess of forty hours during a seven-day workweek unless an exemption applies. 29 U.S.C. §§ 206(a), 207(a)(1). Since the Act is "remedial in nature, the exemptions contained therein must be strictly construed, and it is incumbent upon one asserting an exemption to bring himself clearly and unmistakably within the spirit and the letter of its terms." *Pugh v. Lindsay*, 206 F.2d 43, 46 (4th Cir. 1953). The burden is on the employer to prove an exemption. *Johnson v. City of Columbia, S.C.*, 949 F.2d 127, 130 (4th Cir. 1991). The employer must meet its burden by "clear and affirmative evidence." *Clark v. J.M. Benson Co.*, 789 F.2d 282 (4th Cir. 1986).

"[T]he Supreme Court has stated in *dicta* that FLSA claims can be characterized as mixed questions of law and fact." *Benshoff v. City of Virginia Beach*, 9 F. Supp. 2d 610, 615 (E.D.Va. 1998), *aff'd,* 180 F.3d 136 (4th Cir. 1999), citing *Barrentine,* 450 U.S. at 743. In *Barrentine*, the court noted that "FLSA claims typically involve complex mixed questions of fact and law--*e.g.*, what constitutes the 'regular rate' [or] the 'workweek'. . . Although an arbitrator [or other finder of fact] may be competent to resolve many preliminary factual questions, such as whether an employee 'punched in' when he said he did, he may lack the competence to decide the ultimate legal issue whether an employee's right to a minimum wage or to overtime pay under the statute has been violated." *Id*.

In the case at bar, the defendant employer relies upon the exemption under the FLSA for salaried employees "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Defendant contends that the plaintiff was employed in a professional capacity as an accountant for the firm.

5

Congress has granted the Secretary of Labor ("Secretary") "broad authority to define and delimit" the scope of exemptions. *Auer v. Robbins,* 519 U.S. 452, 456 (1997). The Secretary has promulgated regulations defining the exemptions for executive, administrative, professional, outside sales, and computer employees. 29 C.F.R. Part 541. The regulations promulgated by the Department of Labor define an "employee employed in a bona fide professional capacity" as an employee "whose primary duty is the performance of work: (i) requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or (ii) requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor." 29 C.F.R. § 541.300(a)(2). The regulations state that CPA's "generally meet the duties requirements for the learned professional exemption." 29 C.F.R. § 541.301(e)(5). The regulations further require that, to qualify as an exempt executive, administrative, or professional employee, an employee must be compensated "on a salary basis at a rate of not less than $455 per week . . ." 29 C.F.R. § 541.300 (effective April 23, 2004). An individual is employed on a salary basis under the regulations "if under his employment agreement he regularly receives each  pay period . . .a pre-determined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602 (a).

The parties do not appear to dispute that the plaintiff was working in a professional capacity and that she received at least $455 per week.  However, the plaintiff contends that her status as an exempt salaried employee was lost as a matter of law since her pay was in fact calculated on an **hourly basis** and that her guaranteed pay did not bear a reasonable relationship to her actual earnings for her normal workweek as set forth in 29 C.F.R. § 541.604 (b). Defendant contends that

6

the plaintiff retained her exempt status as a matter of law and that her method of pay places her

under subsection (a) of § 541.604.

The regulation provides:

**§ 541.604 Minimum guarantee plus extras.**
(a) An employer may provide an exempt employee with additional compensation
without losing the exemption or violating the salary basis requirement, if the
employment arrangement also includes a guarantee of at least the minimum
weekly-required amount paid on a salary basis. Thus, for example, an exempt
employee guaranteed at least $455 each week paid on a salary basis may also
receive additional compensation of a one percent commission on sales. An
exempt employee also may receive a percentage of the sales or profits of the
employer if the employment arrangement also includes a guarantee of at least
$455 each week paid on a salary basis. Similarly, the exemption is not lost if an
exempt employee who is guaranteed at least $455 each week paid on a salary
basis also receives additional compensation based on hours worked for work
beyond the normal workweek. Such additional compensation may be paid on any
basis (*e.g.,* flat sum, bonus payment, straight-time hourly amount, time and one-half
or any other basis), and may include paid time off.

(b) An exempt employee's earnings may be computed on an hourly, a daily or a
shift basis, without losing the exemption or violating the salary basis requirement,
if the employment arrangement also includes a guarantee of at least the minimum
weekly required amount paid on a salary basis regardless of the number of hours,
days or shifts worked, and a reasonable relationship exists between the guaranteed
amount and the amount actually earned. The reasonable relationship test will be
met if the weekly guarantee is roughly equivalent to the employee's usual
earnings at the assigned hourly, daily or shift rate for the employee's normal
scheduled workweek. Thus, for example, an exempt employee guaranteed
compensation of at least $500 for any week in which the employee performs any
work, and who normally works four or five shifts each week, may be paid $150
per shift without violating the salary basis requirement. The reasonable
relationship requirement applies only if the employee's pay is computed on an
hourly, daily or shift basis. It does not apply, for example, to an exempt store
manager paid a guaranteed salary of $650 per week who also receives a
commission of one-half percent of all sales in the store or five percent of the
store's profits, which in some weeks may total as much as, or even more than, the
guaranteed salary.

The Court will first discuss the Defendant's argument based on the employment contract

that the plaintiff is an exempt employee and that evidence regarding the employer's expectation of

number of hours to be worked per year is barred by the parol evidence rule. The Court agrees with the plaintiff that an employee cannot waive her rights under the FLSA and that her characterization as an exempt employee in the contract is not binding. *See Barrentine,* 450 U.S. at 740 ("This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.") *See also, Taylor v. Progress Energy, Inc.,* 493 F.3d 454, 460 (4th Cir. 2007) ("For example, under the FLSA, a labor standards law, there is a judicial prohibition against the unsupervised waiver or settlement of claims.") Secondly, with regard to Defendant's argument asserting the parol evidence rule prohibiting evidence that contradicts a written contract, Defendant concedes that the worksheet was a part of the parties' contract. (*See* Defendant's Motion in Limine, p. 2.)  The Court finds that the contract and worksheet, when construed together, are ambiguous in that the contract states that she is exempt; that her annual salary was for all hours worked including amounts over forty (40) hours per week; and that bonuses may be paid periodically in the discretion of the employer. Yet, the worksheet refers to "estimated annual salary" and "estimated compensation in addition to salary" and provides an estimated bonus figure at the beginning of the year, before it is even known how many hours the employee actually worked. Therefore, when considering the contract and the worksheet together, an ambiguity is created even if the common law parol evidence rule applies. Evidence of the number of hours the employer required, expected, or desired the plaintiff to work would accordingly be admissible under *Barrentine* or, alternatively, on the basis that the parol evidence rule does not apply because of an ambiguity in the contract.

8

The Court will next discuss the parties' respective arguments regarding the applicability of the regulation concerning minimum guarantees plus extras. 29 C.F.R. § 541.604(a) and (b). The defendant cites to the Court the Supplementary Information provided by the Department of Labor regarding the "white collar exemptions." *See* 29 C.F.R. Part 541, 69 FR 22122-01, at *22183, 2004 WL 865626 (Apr. 23, 2004) (noting that "The National Technical Services Association states that it was unclear whether the reasonable relationship requirement applies in all cases to employees who receive a salary and additional compensation. We have clarified that this requirement applies only when an employee's actual pay is computed on an hourly, daily or shift basis. Thus, for example, if an employee receives a guaranteed salary plus a commission on each sale or a percentage of the employer's profits, the reasonable relationship requirement does not apply. Such an employee's pay will understandably vary widely from one week to the next, and the employee's actual compensation is not computed based upon the employee's hours, days or shifts of work . . .) However, the Court finds that there are issues of fact in the case at bar as to whether the plaintiff's earnings were calculated on an hourly basis, as discussed below.

Plaintiff seems to allege that she was being paid her salary on a "defacto" **hourly** basis under the facts of the case and that therefore subsection (b) would apply.[4] Defendant asserts, on the other hand, that the plaintiff's guaranteed salary was not calculated on an hourly basis and that the

---

[4] Plaintiff contends that her pay was calculated on an hourly basis because she was allegedly told that, if she worked 2300 hours per year, she could expect to earn the total compensation listed on the worksheet. As an example, effective June 1, 2006, Plaintiff had an expected total annual salary of $41,975 ($30,660 estimated annual salary plus $11,315 estimated compensation in addition to salary), resulting in an hourly rate of $18.25. Plaintiff's paycheck on January 31, 2007 shows "Salaried Wages" of $1277.50 and "Other Earnings" of $392.38 for a total of $1669.88. Her daily time sheets for the pay period show that she worked 91.5 hours. The division of $1669.88 by $18.25 (the hourly rate in effect at the time) yields 91.5. Plaintiff alleges that this mathematical result occurs for every pay period that she worked.

9

regulations allow bonuses to be paid based on hours worked.  If (b) applies, the reasonable relationship test is required. This reasonable relationship test is only required if Plaintiff was being paid on an **hourly**, daily, or shift basis.  The reasonable relationship test is met if "the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek." Also, there has to be a reasonable relationship between the plaintiff's salary (guaranteed amount) and the amount actually earned. Under the facts here, if the jury concludes that she was in fact being paid her salary on an **hourly** basis as she asserts, then subsection (b) applies and requires the reasonable relationship test to be met.  However, assuming the jury concludes she was paid her guaranteed salary on an hourly basis, then the employer would as a matter of law fail the reasonable relationship test under subsection (b). The disparity between the weekly guarantee and what she actually earned is apparent in the records submitted.  If the jury determines her guarantee/salary was actually being paid on a **hourly** basis, then under the facts, the reasonable relationship test fails and the jury would determine the number of overtime hours (i.e. hours in excess of forty (40) hours per week), the hourly rate for each time period, as well as any willfulness for purposes of determining a two or three year statute of limitations. The Court would then make the mathematical calculations for damages to be awarded.

On the other hand, if the jury determines that Plaintiff was **not being paid** her guaranteed salary **on an hourly basis**, then subsection (a) applies.  Subsection (a) states:  "An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis." It further provides,

"Similarly, the **exemption is not lost** if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked **for work beyond the normal workweek**." (emphasis added). This additional compensation can be paid on any basis, including on an hourly basis. The words "the normal workweek" clearly contemplate a forty (40) hour workweek. After all, the FLSA itself generally establishes the right to overtime for hours worked in excess of forty (40) hours. Common sense as well as the purpose of the FLSA support this interpretation and conclusion.[5]

It is a question of fact whether the guaranteed salary amount paid to the plaintiff was for forty (40) hours (the normal workweek) or for only 32.31 hours (for example, in 2006) as the plaintiff suggests. If the jury determines the guaranteed salary amount was for a normal workweek (i.e., 40 hours) then the defendant would not have lost the exemption and the plaintiff could not recover. However, if the jury determines the guaranteed amount was in fact for fewer hours than a normal workweek of forty (40) hours, such as 32.31 hours as Plaintiff contends for 2006, then the exemption is lost and the plaintiff would be entitled to damages. The jury would determine the number of overtime hours, the hourly rate of pay for each period, as well as wilfulness. The Court would then make the mathematical calculations. After reviewing the record submitted, the Court is simply unable to make a ruling as a matter of law for either party on the issue of whether the plaintiff is an exempt employee without additional factual findings. *See, e.g., Archuleta v. Wal-Mart Stores, Inc.*, 543 F.3d 1226, 1236 (10th Cir. 2008); *Davis v Lenox Hill Hospital*, 2004 WL 1926087 (S.D.N.Y. 2004).

---

[5] The Court notes a distinction in (b) which uses the phrase "employee's normal scheduled workweek." This phrase is not used in (a).

11

## <u>Conclusion</u>

For the foregoing reasons, the undersigned denies both parties' motions for summary judgment. The defendant's Motion in Limine is also denied.  The parties shall consult and provide the Court with a proposed verdict form.

**IT IS SO ORDERED.**


<u>s/ R. Bryan Harwell</u>
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 6, 2009

12